IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY E. JUBBER, Chapter 7 Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RONALD E. MAST, an individual, and, CHRISTOPHER R. MAST, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ABSTAIN OR DISMISS**<br><br>Case No. 2:13-cv-00683 DN<br><br>District Judge David Nuffer |

Defendant Christopher R. Mast (Christopher) filed a motion to abstain or dismiss.[1] This motion is DENIED.

## Background

In June 1994, Christopher and Virginia Mast (Virginia) were married, and two years later they created a family trust named the Mast Family Trust, in which both were trustees and beneficiaries.[2] Christopher and Virginia transferred the Silver Creek Property into this Trust in 2007 and then constructed a home on it.[3]

In May 2009, Virginia told Christopher she wanted a divorce.[4] A week later, without Virginia's knowledge or consent, Christopher executed a promissory note to his father Ronald E.

---

[1] Motion to Abstain or Dismiss, docket no. 10, filed Aug. 13, 2013. Co-defendant Ronald E. Mast submitted a Joinder of Ronald E. Mast in Christopher R. Mast's Motion to Abstain or Dismiss (Motion for Joinder), docket no. 11, filed Aug. 14, 2013.

[2] Exhibit A to Amended Complaint, docket no. 7-2, filed July 26, 2013.

[3] Amended Complaint at ¶¶ 15-16.

[4] *Id.* at ¶ 17.

Mast (Ron) for $530,908.49 and a Trust Deed to secure the note.[5] Later that year, Virginia filed for divorce against Christopher in Third District Court, Summit County, Utah.[6]

In April 2010, Ron began a non-judicial foreclosure of the Trust Deed.[7] In response, Virginia contested the validity of the Trust Deed by filing a lawsuit in the same court where her divorce case was pending.[8] The two cases were consolidated and assigned to Judge Robert K. Hilder.[9] In January 2011, Virginia submitted an affidavit in the consolidated proceeding that "controverted most of the [pleading] allegations Virginia had made regarding the Silver Creek Property."[10] Virginia admitted in her affidavit that she "was in fact aware that Ron and Linda [his wife] expected to be repaid" and that it was "clearly unreasonable" to argue, as she had initially, "that Ron and Linda would have 'gifted'" her and Christopher the $530,000.[11]

The next month, Christopher and Virginia filed a stipulation to bifurcate the divorce action and enter a decree of divorce.[12] The stipulation acknowledged that the Silver Creek Property was encumbered by a Trust Deed to Ron Mast and if the Silver Creek Property was sold, Ron would be repaid in full.[13] Virginia would receive joint legal and physical custody of their children; ten thousand dollars; forgiveness of any liability to repay any alleged

---

[5] *Id.* at ¶ 18.

[6] *Id.* at ¶ 19. Case No. 094500128, Third District Court for Summit County, Utah, Silver Summit Department.

[7] *Id.* at ¶ 20.

[8] *Id.* at ¶ 21. Case No. 100500547, Third District Court for Summit County, Utah, Silver Summit Department.

[9] *Id.* at ¶ 22. Later that year, Virginia's divorce attorney and her attorney who filed her complaint contesting the Trust Deed both withdrew from representing her. *Id.* at ¶ 30.

[10] *Id.* at ¶ 31.

[11] Exhibit B to Amended Complaint at ¶¶ 13, 17, [docket no. 7-2](docket no. 7-2), filed July 26, 2013.

[12] Amended Complaint at ¶¶ 35-36, 39-40.

[13] *Id.* at 40.

overpayment of support by Christopher; Christopher's payment of child care costs, loans on the Silver Creek Property, and all property taxes; and a divorce from Christopher.[14]

The divorce decree did not decide the issue of ownership of the Silver Creek Property, but reserved that decision for adjudication of Virginia's civil complaint.[15] On March 14, 2011, Ron moved for summary judgment against Virginia's challenge to the Trust Deed.[16] He based this motion on Virginia's sworn affidavit.[17] Virginia did not oppose the motion, and Judge Hilder granted it and entered final judgment in the summer of 2011.[18] In September 2011, Christopher executed a Special Warranty Deed (Deed in Lieu of Foreclosure) conveying the Silver Creek Property to Ron.[19]

## This Action

A little less than a year later (March 2012), Virginia filed a Chapter 7 bankruptcy petition.[20] Gary E. Jubber (Chapter 7 Bankruptcy Trustee for Virginia) then filed a complaint against Christopher and Ron in the United States Bankruptcy Court for the District of Utah, Central Division, on April 23, 2013, and filed and served an Amended Complaint on July 19, 2013.[21] Jubber alleges that Christopher's transfer of trust funds to Ron[22] and his deed conveying the Silver Creek Property to Ron[23] are fraudulent transfers and should be voided.[24]

---

[14] Exhibit C to Amended Complaint, docket no. 7-2, filed July 26, 2013.

[15] *Id.* at ¶¶ 2-3.

[16] Amended Complaint at ¶¶ 45-50.

[17] *Id.* at ¶ 46.

[18] *Id.* at 48-50.

[19] *Id.* at ¶ 51; Exhibit F to Amended Complaint, docket no. 7-2, filed July 26, 2013.

[20] Amended Complaint at ¶ 9.

[21] *Id.* at ¶ 10.

[22] *Id.* at ¶ 18.

[23] *Id.* at ¶ 51.

[24] Memorandum in Opposition to Motion to Abstain or Dismiss, docket no. 16, filed Sept. 27, 2013.

In response, Christopher filed a motion to withdraw the bankruptcy reference because he wanted a jury and would not consent to a jury trial in bankruptcy court.[25] Jubber filed a response of non-opposition to this motion[26] and to the reference was withdrawn.[27]

## Motion to Abstain or Dismiss

Then, Christopher filed a motion to abstain or dismiss on the grounds that: (1) abstention is warranted because this proceeding is inextricably connected to the divorce decree and the property settlement in state court;[28] (2) the case should be dismissed because Jubber's pleadings are insufficient;[29] and (3) Jubber's claims are barred by claim preclusion.[30] Ron moved to join this motion.[31] Jubber filed a memorandum in opposition to Christopher's motion to abstain or dismiss,[32] and then Christopher filed his reply.[33] For the following reasons, this order denies Christopher's motion to abstain or dismiss.

## Abstention is Not Warranted

In his motion to abstain or dismiss, Christopher claims that this proceeding is "inextricably connected with a domestic relations dispute" so this court "should discretionarily abstain from exercising jurisdiction."[34] But the abstention standard is very high, such that "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given

---

[25] Motion to Withdraw Bankruptcy Reference, docket no. 2, filed July 23, 2013.

[26] Response to Motion to Withdraw Bankruptcy Reference of Non Opposition, docket no. 3, filed July 23, 2013.

[27] Docket text order Granting Motion to Withdraw Bankruptcy Reference, docket no. 4, entered July 25, 2013.

[28] Motion to Abstain or Dismiss at 13-17.

[29] *Id.* at 17-19.

[30] *Id.* at 20-23.

[31] Motion for Joinder.

[32] Memorandum in Opposition to Motion to Abstain or Dismiss.

[33] Reply in Support of Motion to Abstain or Dismiss, docket no. 19, filed Oct. 21, 2013.

[34] Motion to Abstain or Dismiss at 2.

them.'"[35] Also, because the Silver Creek Property (the primary asset in question) was conveyed to Ron by the Special Warranty Deed, not the divorce decree,[36] it is not inextricably connected to Virginia and Christopher's divorce proceedings.

**Jubber's Pleadings are Sufficient to Move Beyond the Pleadings Stage**

Jubber's Amended Complaint meets the baseline requirements to survive a motion to dismiss.[37] The standard for dismissing a case at the pleadings stage is very high. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[38] The complaint need not even contain "detailed factual allegations" at the pleadings stage.[39] Rather, the pleadings must only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[40] Jubber's Amended Complaint meets this test for plausibility because it contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" of Jubber's claims.[41]

As Jubber points out,[42] the Amended Complaint alleges all of the elements necessary to state a claim under Section 548(a)(1)(B):[43] First, the complaint alleges that the transfer of the debtor property took place within two years before the bankruptcy filing. Second, the complaint

---

[35] *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[36] Motion to Abstain or Dismiss at 10; Memorandum in Opposition to Motion to Abstain or Dismiss at 4, 6.

[37] Amended Complaint.

[38] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[39] *Id.*

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[41] *See Twombly*, 550 U.S. at 556.

[42] Memorandum in Opposition to Motion to Abstain or Dismiss at 8.

[43] 11 U.S. Code § 548.

5

alleges that Virginia, the debtor, received less than reasonably equivalent value for the transfer. Finally, the complaint alleges that Virginia was rendered insolvent by the transfer.[44]

Therefore, Jubber's complaint survives the pleadings stage because it meets the minimum requirements set by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*.

### Jubber's Claims are Not Barred by Claim Preclusion

Jubber's claims against the Masts are not barred by claim preclusion because Jubber, as the Trustee, is not in privity with Virginia. For claim preclusion to apply, three elements must first be satisfied: "(1) both suits must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits."[45] Christopher's claim preclusion argument fails at the first prong: Jubber was not a party to the state court divorce proceeding, and he is not privy to Virginia for purposes of claim preclusion.

For parties to be in privity, a sufficiently close identity of interests must exist.[46] Although the Tenth Circuit has not directly addressed the issue of whether a bankruptcy trustee is in privity with the original debtor, several circuits have determined that the two parties do not have the close enough identity to be deemed in privity.[47] These cases are persuasive. Jubber is not a

---

[44] Amended Complaint at ¶ 69.

[45] *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 21, 285 P.3d 1157 (citing *Allen v. Moyer*, 2011 UT 44, ¶ 6 & n.6, 259 P.3d 1049) (internal quotation marks omitted).

[46] *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) ("Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same.") (quoting *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir.1989) (internal quotation marks omitted)).

[47] *See e.g.*, *In re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003) ("[W]e are of the view that the Trustee is not bound, either on *res judicata* or judicial collateral estoppel, by the prior state court proceedings. The Trustee is, of course, a successor of the Bankrupt for many purposes. But he is much more both in the extraordinary rights with which the Bankruptcy Act invests him, and as a general representative of the creditors.") (citations omitted); *In re Neal*, 478 B.R. 261, 271-72 (6th Cir. BAP 2012) (holding that a bankruptcy trustee is not in privity with the debtor because the

trustee representing the interests of Virginia, as the debtor; rather, he is concerned with the interests of all of the creditors involved. Jubber is sufficiently different from Virginia that they are not in privity.

The other two parts of the claim preclusion test are also not satisfied. First, the issues that Jubber is alleging in the current case could not have been litigated in the prior proceeding because the Special Warranty Deed transferring the Silver Creek Property to Ron occurred after the divorce decree and after the summary judgment validating Christopher's note and trust deed to Ron.[48] And finally, there has not been a final judgment on the issue of the transfer of the Silver Creek Property via the Special Warranty Deed because no state court adjudication ordered or even authorized that transfer. It was a later transaction between Christopher and Ron, with no court involvement.[49]

Therefore, Jubber's claims against Christopher and Ron are not barred by the doctrine of claim preclusion.

---

trustee is a "representative of all creditors of the bankruptcy estate," not merely a successor-in-interest to the debtor); *In re Nevada Natural, Inc.*, 92 B.R. 934, 936-37 (Bankr. N.D. Okla. 1988).

[48] Motion to Abstain or Dismiss at 8-10.

[49] *Id.* at 10.

**ORDER**

IT IS HEREBY ORDERED that Christopher Mast's Motion to Abstain or Dismiss[50] is DENIED. Co-defendant Ronald E. Mast's submitted a Motion for Joinder[51] is GRANTED in that he is joined in Christopher Mast's Motion to Dismiss or Abstain, and the motion thereby made on his behalf is DENIED.

IT IS FURTHER ORDERED that the parties shall meet and confer and file a jointly signed Attorney Planning Meeting Report (which shall outline any areas of disagreement and each party's position) and shall send a proposed Scheduling Order in word processing format to ipt@utd.uscourts.gov.

Signed March 31, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[50] Motion to Dismiss or Abstain, docket no. 10, filed Aug. 13, 2013.

[51] Joinder of Ronald E. Mast in Christopher R. Mast's Motion to Abstain or Dismiss, docket no. 11, filed Aug. 14, 2013.